UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT CONCEPCION,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT CONCEPCION ("CONCEPCION") by and through his undersigned counsel, files this, his Complaint against Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC., ("NOVA"), and in support thereof states as follows:

## I.     INTRODUCTION

1. Plaintiff brings this action against NOVA to remedy intentional discrimination that Plaintiff suffered on the basis of his disability in violation of the Rehabilitation Act, 29 U.S.C. 705, et seq. and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12132.

## II.    JURISDICTION

2. This is an action for relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §1281, et. seq. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

## III.   VENUE

3. Venue lies in this Court pursuant to 28 U.S.C. §1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

occurrence giving rise to this cause of action occurred in Broward County, Florida. Venue is proper in this District because both the Plaintiff attends school in Broward County, and the corporate Defendant resides in Broward County and the actions which are the subject matter of this lawsuit occurred there.

### IV.   PARTIES

4. At all times material hereto, Plaintiff, CONCEPCION, was a qualified person with a disability.

5. Defendant is a private University.

6. Defendant is a University which accepts thousands of dollars each year from the United States government, thereby subjecting it to the duties and responsibilities set forth in the Rehabilitation Act, 29 U.S.C. § 705, et seq.

### V.   STATEMENT OF FACTS

7. Plaintiff is disabled under the ADA and Section 504 and entitled to accommodations.

8. Plaintiff was accepted as a student to the College of Psychology.

9. Defendant failed to grant reasonable accommodations, and for the accommodations it did provide, materially failed to implement the granted accommodations.

10. Plaintiff was unlawfully dismissed under the ADA and Section 504.

11. Defendant knew that Plaintiff was disabled and agreed to provide certain accommodations to Plaintiff when he initially enrolled at NSU.

12. Plaintiff has a history of severe traumatic brain injury after hitting his head against a dresser in 2008, spending nearly one month in a coma, and requiring months of

P a g e | 2
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

outpatient neuro-rehabilitation.

13. Plaintiff is legally blind in both eyes, has no peripheral vision and has quadrantanopia (limited field of vision) of the left eye. While he is intelligent, he has ADHD (from childhood) and has slower than average processing speeds.

14. As a result of being visually impaired and disabled, Plaintiff cannot use the computer without assistance of the appropriate and available screen reader software.

15. After the injury, he developed a seizure disorder though the seizure activity has been well-controlled with medication since 2010.

16. Plaintiff's vision disability limits his performance of major life activities, including sight, and he requires assistive technologies, auxiliary aids and services for effective communication, including communication in connection with his use of a computer.

17. Plaintiff's application for accommodation contains a physical recommendation for extended time and a reader.  NSU failed to meet with Plaintiff and /or contact his physician to determine how much extended time he required, when he would require a reader, and how and when NSU would implement those accommodations.  Defendant granted limited accommodations, but they were "standard" (i.e., unreasonable because they were given without regard to his specific disabilities), and were inconsistently implemented.

18. Defendant inconsistently provided him with extended time testing. He did not receive extended time on any assignment, presentation or graded "role-play."

19. Plaintiff has and has always been, "qualified" to meet the essential requirements of the Mental Health Counseling program either with or without reasonable accommodations.

20. Plaintiff's cumulative GPA at the end of his first term as a student (Fall, 2014)

P a g e | 3

Law Offices of Shawn L. Birken, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

was a 3.66.

21. In the winter of 2015 Plaintiff earned a "C" in PYCL 0511. That grade of a "C" met the College of Phycology's grade requirement for the Mental Health Counseling program. Plaintiff should have received, but did not, the accommodations of extended time and a reader as needed for the PYCL 0511.

22. Despite that "C" in PYCL 0511, Plaintiff's cumulative GPA at the end of the winter, 2015 term was a 3.00.

23. In the summer of 2015, Plaintiff failed course PYCL 0666 for which he did not receive accommodations, and he was placed on probation. Plaintiff retook the course in the fall of 2015 and earned a "B".

24. Despite that failure, Plaintiff's cumulative GPA at the end of the summer, 2015 term was a 3.33.

25. After the summer, Plaintiff matriculated into the Mental Health Counseling Master's degree program as he completed four required courses and NSU determined that he met the "academic, behavioral, interpersonal and professional standards of the university."

26. Plaintiff's GPA at the end of the fall, 2015 term was a 3.00.

27. At the end of the winter, 2016 term, Plaintiff's GPA was 3.33.

28. During the summer, 2016 term Plaintiff's GPA fell to below a 3.00 due to two Cs that summer . One of the courses (ABA 0710) is not in, or required by, the Mental Health Counseling program. The program does not require a "B" or better in the second course (PYCL 0681). (*See* NSU College of Psychology Handbook 2016-17, at 58).

P a g e | 4

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

29. Defendant should have placed Plaintiff on probation because his cumulative GPA, had for the first time, fallen below a 3.0, but instead, Defendant dismissed him in error.

30. Plaintiff had earned only two grades below a "B" since reaching matriculated status, not "more than two (2)," which the Handbook indicates is the criteria for dismissal. One of those two courses was not in, nor required by, the Mental Health Counseling Program. The Handbook states that matriculated students like Plaintiff will be placed on probation in those circumstances rather than be automatically dismissed.

31. In response to Plaintiff's appeal of the automatic dismissal, which was based on his disabilities, in a letter dated November 16, 2015, NSU approved him to continue beginning in the winter, 2016 under certain conditions. Plaintiff met all those conditions except earning a "B" or greater in PYCL 0511.

32. Though Plaintiff discussed his disabilities in his appeal of the automatic dismissal, Defendant continued to provide him only with the same "standard" accommodations that were given without regard to his specific disability, and materially failed to implement even those. Thus he again earned a "C" for a second time in course PYCL 00511.

33. Though Plaintiff was not appropriately accommodated in PYCL 0511, students matriculated in the Mental Health Counseling program are NOT required to earn a "B" or above that course.

34. NSU dismissed Plaintiff from the program when his overall GPA was 3.05.

35. An overall GPA of a 3.0 or higher is required for graduation. Plaintiff's GPA in his major is even higher than a 3.05 due to a single grade out of his major.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

36. Despite Defendant's failure to grant or implement reasonable accommodations, Plaintiff proved that he was qualified to meet the essential requirements of the Mental Health Counseling degree program. Yet, Defendant "automatically dismissed" him without meeting the requirements of the ADA.

37. School officials deviated from NSU's normal procedures in connection with Plaintiff.

38. Defendant graded Plaintiff at a harsher standard the second time taking course PYCL 0511. Students taking a make-up class should not be graded more harshly as per NSU's normal criteria.

39. Ambiguity in Defendant's dismissal and re-admission policies leaves room for the discriminatory dismissals and re-admissions.

40. Defendant's letter to Plaintiff, dated November 16, 2015 [sic], refers to "the College's Remediation Policy" but does not cite where that remediation policy is published.

41. Defendant's College of Psychology Handbook is ambiguous as to procedures relating to the criteria for dismissal for students who have met the standards for the matriculated degree program, such as Plaintiff.

42. Defendant does not clearly define what the criteria is for re-admission after a student has been dismissed. The College of Psychology Handbook does not address that subject and while there are Re-Admission Procedures on the Defendant's website, they don't articulate what the criteria for readmission is.

43. Plaintiff's application for re-admission was handled as if he were any other student applying to NSU for the first time, and not a student who had been a matriculated

P a g e | 6
LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

master's degree candidate with a GPA above 3.0.

44. Defendant operated and maintains a website for the use of all current and prospective students.

45. Plaintiff frequently utilized the internet. Due to the fact that he is significantly and permanently visually impaired, in order to effectively communicate and comprehend information available on the internet and access/comprehend websites, Plaintiff uses commercially available screen reader software to interface with the various websites.

46. By virtue of being a private school, which is publicly funded, and available to the public, Defendant's website is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regularion; 42 U.S.C. §12182, §12181(7)(E), and 28 C.F.R. Part 36.

47. Defendant's website disseminates information to its students and prospective students. Accordingly, the website is an extension of the university.

48. Because Defendant's website is a place from which the public can view and retrieve information, the website itself is an establishment which is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E). As such the website must comply with all requirements of the ADA, and must not discriminate against individuals with disabilities and must not deny equal and full enjoyment of the information afforded to all of the students and prospective students.

49. At all times material hereto, Defendant was and still is an organization owning and operating the university's website.

50. Defendant's website is not disability compliant under the ADA, specifically for the students and prospective students who are blind/low vision such as Plaintiff.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

51. There is no link to Defendant's ADA disability policies or services on the home page of the university (either in the "hamburger" link in the top right or in the "Quick Links" in the footer). There is also no link to those policies and services on College of Psychology homepage.

52. Defendant's website also lacks prompting information and accommodations necessary to allow visually impaired individuals who use screen reader software.

53. There is no link to an "Accessibility Notice" on Defendant's website which would direct Plaintiff to a webpage with contact information for disabled individuals.

54. Defendant has not initiated a Web Accessibility Policy to insure full and equal use of its website by students and prospective students with disabilities.

55. Defendant's website does not meet the Web Content Accessiblity Guidelines 2.0 Basic Level of web accessibility.

56. Plaintiff was subjected to bias and retaliation due to his disability.

57. Defendant failed to implement and/or ignored Plaintiff's multiple requests for reasonable accommodations.

58. Further, Defendant's acts and/or omissions set forth herein constitute conduct on the part of Defendant demonstrating a willful and wanton indifference to the protected rights of Plaintiff.

59. Plaintiff has retained the Law Offices of Shawn L. Birken, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

## **COUNT I:  VIOLATION OF REHABILITATION ACT (NSU)**

Plaintiff realleges and reavers paragraphs 1 – 59 above and further alleges as follows:

60. By failing to permit CONCEPCION the benefit of a reasonable accommodation which cost NSU nothing, NSU intentionally discriminated against CONCEPCION on the basis of his disability in violation of 29 U.S.C. § 794.

61. As a result of NOVA's intentional discriminatory acts, CONCEPCION has been damaged in that he has suffered significant pain, anguish and humiliation.  Additionally, he has been defamed, forced to incur more debt than was reasonably necessary and was ultimately dismissed from NSU.

62. CONCEPCION has been required to engage the services of the undersigned law firm and is entitled to recover attorneys' fees pursuant to 29 U.S.C. § 794 (a).

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. Lost wages;

b. Emotional and physical distress;

c. Pain and suffering;

d. Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794;

e. Award Plaintiff reasonable costs; and

f. Whatever other and further relief this Court deems just and proper.

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

## COUNT II:  VIOLATION OF AMERICANS WITH DISABILITIES ACT TITLE III (NSU)

Plaintiff realleges and reavers paragraphs 1 – 59 above and further alleges as follows:

63. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

64. Congress specifically found, inter alia, that[1]:

   i. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   iii. Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   iv. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing

---

[1] 42 U.S.C. § 12101(a)(1) - (3), (5), and (9).

LAW OFFICES OF SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300, Fort Lauderdale, Florida 33394
Phone: 954.990.4459 | Fax: 954.990.4469
www.birken-law.com

    facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

  v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

65. Congress explicitly set forth the purpose of the ADA; to wit[2] :

  i. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  ii. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  iii. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

66. As set forth above, Plaintiff has been discriminated against by Defendant due to his disability because Defendant intentionally failed to permit Plaintiff certain accommodations.

67. Plaintiff has or is not required to exhaust any administrative procedures as a condition of bringing this action.

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).

68. By failing to provide Plaintiff with the reasonable accommodations that he sought, Defendant intentionally discriminated against him in violation of 42 U.S.C. § 12132 and CONCEPCION's damages are a proximate result of such discrimination.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. Injunctive relief;

b. Award Plaintiff his reasonable attorney's fees and costs; and

c. Whatever other and further relief this Court deems just and proper.

## TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable by right.

Dated: July 29, 2019

Respectfully submitted,

/s/Shawn Birken
Shawn L. Birken, Esq.
Florida Bar No.: 418765
Email: sbirken@randb-law.com
LAW OFFICES OF
SHAWN L. BIRKEN, P.A.
100 SE 3rd Ave., Suite 1300
Fort Lauderdale, Florida  33394
Direct Dial: 954-990-4459
Fax: 954-990-4469